**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**ROBERT K. WILSON**                                                                                    **PLAINTIFF**

**v.**                                                                    **CIVIL ACTION NO. 1:16cv-214-HSO-MTP**

**CAROLYN W. COLVIN**                                                                                 **DEFENDANT**

**REPORT AND RECOMMENDATION**

THIS MATTER is before the Court on Plaintiff's Motion for Leave to Proceed *in forma pauperis* [2]. Having considered Plaintiff's submission, the undersigned recommends that the Motion be denied and that Plaintiff be directed to pay the filing fee.

Plaintiff Robert K. Wilson filed his Complaint [1] on June 17, 2016, challenging the Commissioner's denial of social security benefits. Plaintiff filed his Motion for Leave to Proceed IFP [2] the same day.

In making the IFP determination, the Court may consider the total monetary resources available to assist Plaintiff. "There is no absolute right to be allowed to proceed *in forma pauperis* in civil matters; rather it is a privilege extended to those unable to pay filing fees when the action is not frivolous or malicious." *Startti v. U.S.*, 415 F.2d 1115, 1116 (5th Cir. 1969). 28 U.S.C. § 1915(a)(1) is designed to provide access to federal courts for plaintiffs lacking the financial resources to pay any part of the statutory filing fees. *See Barnes v. Secretary, Dept. of Treasury*, 2010 WL 4220422 (S.D. Miss. Sept. 16, 2010). The Court must examine the financial condition of Plaintiff in order to determine whether the payment of fees would cause an undue financial hardship. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). The granting or denying of IFP status is left to the sound discretion of the district court. *Willard v. United States*, 299 F. Supp. 1175, 1177 (N.D. Miss. 1969). "Section 1915 is designed to protect those litigants who suffer true financial hardship,

not those who are well-equipped to pay the filing fee but choose to allocate their resources in a different manner." *McCoy v. Colvin*, 2013 WL 868682, at *1 (W.D. Ark. Mar. 7, 2013).

A review of the financial information submitted with the motion reflects that Plaintiff receives $1810 per month in gifts from friends and family. He states that he expects to continue to receive this amount. Plaintiff also states that he has $405.00 in various checking and saving accounts. Plaintiff owns his own home, which he values at $75,000, and two automobiles with a combined worth of $3,000. Plaintiff has no debt and has no dependants. He states that his monthly obligations total $1850.

Some courts have utilized the applicable poverty guidelines to assess applicants' financial condition. *See, e.g.*, *Dow v. Colvin*, 2013 WL 1952092 (N.D. Tex. April 15, 2013); *Nelson v. Louise*, 2011 WL 3648632 (E.D. La. July 27, 2011). The applicable poverty guideline for a single individual is $11,880 annually.[1] Although Plaintiff's stated expenses exceed his income by $40 each month, his income far exceeds the poverty level. Plaintiff owns several assets free of debt, and he has $405.00 at his disposal. Plaintiff's financial status should allow him to pay the filing fee in order to commence this action without undue hardship if given a reasonable amount of time to tender the requisite amount.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that:

1. Plaintiff's Motion for Leave to Proceed *in forma pauperis* [2] be DENIED;

2. Plaintiff be given sixty (60) days to pay all of the costs associated with the filing of this lawsuit; and

3. Should Plaintiff fail to timely pay all of the costs associated with the filing of this

---

[1] *See* Annual Update of the HHS Poverty Guidelines, available at https://federalregister.gov/a/2016-01450 (Last visited June 23, 2016).

lawsuit, this matter be dismissed without prejudice and without further notice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules, any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the Judge, the Magistrate Judge and the opposing party.  The District Judge at the time may accept, reject, or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this court with instructions.  The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected.  *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS the 23rd day of June, 2016.

s/ Michael T. Parker
United States Magistrate Judge